FILED

OCT 12 AM 8:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GILBERT SALDANA,<br>CDCR # V-23539,<br><br>Plaintiff,<br><br>vs.<br><br>L. SMALL; A. BELTRAN; R. MADDEN;<br>J. DEVENBERG; J. BUILTEMAN; J.<br>CRIMAN; D. MIDDLETON; J. VELASCO;<br>M. McNAIR; D. BELL; G.J. JANDA;<br>J. TIM OCHOA; M. HODGES WILKINS;<br>D. FOSTON,<br><br>Defendants. | Civil No.   11-cv-2050 BEN (NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(3)  DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**<br><br>**[ECF Nos. 2, 3]** |

Plaintiff Gilbert Saldana, a state inmate currently incarcerated at Calipatria State Prison and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

11cv2050 BEN (NLS)

I.     **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

II.    **MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor

1 exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622,

2 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

3 **III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

4        The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate

5 the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are

6 "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for,

7 violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

8 program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Under

9 these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

10 complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek

11 damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

12        Plaintiff alleges that his due process rights were violated following his disciplinary hearing where

13 he was found guilty of "unauthorized communication with/by inmate via cellular telephone." (Compl.

14 at 5.) As a result, Plaintiff was sentenced to Administrative Segregation ("Ad-Seg"). (*Id.*)   "The

15 requirements of procedural due process apply only to the deprivation of interests encompassed by the

16 Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569

17 (1972).   State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke

18 due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).   However, the Supreme

19 Court has significantly limited the instances in which due process can be invoked.   Pursuant to *Sandin*

20 *v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process

21 Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an

22 "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484

23 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

24        In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution

25 because he has not alleged, as he must under *Sandin*, facts relating to the conditions or consequences

26 of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might

27 conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. For example, in *Sandin*, the Supreme

28 Court considered three factors in determining whether the plaintiff possessed a liberty interest in

1    avoiding disciplinary segregation:  (1) the disciplinary versus discretionary nature of the segregation;

2    (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major

3    disruption in his environment" when compared to those shared by prisoners in the general population;

4    and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody.  *Id.*

5    at 486-87.

6        Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed

7    an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Id.* at 483-

8    84.  Plaintiff has failed to allege any facts from which the Court could find there were atypical and

9    significant hardships imposed upon him as a result of the Defendants' actions.  Plaintiff must allege "a

10    dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest

11    before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-

12    89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).  He has not; therefore the Court finds that

13    Plaintiff has failed to allege a liberty interest in remaining free of Ad-Seg, and thus, has failed to state

14    a due process claim.  *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486

15    (holding that placing an inmate in administrative segregation for thirty days "did not present the type of

16    atypical, significant deprivation in which a state might conceivably create a liberty interest").

17        Accordingly, the Court **DISMISSES** Plaintiff's Complaint for all the reasons set forth above but

18    will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading

19    identified by the Court.

20    **IV.**    **CONCLUSION AND ORDER**

21        Good cause appearing, **IT IS HEREBY ORDERED**:

22        1.     Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** without prejudice.

23        2.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

24    **GRANTED**.

25        3.     The Secretary of California Department of Corrections and Rehabilitation, or his

26    designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this

27    case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of

28    the preceding month's income and forward payments to the Clerk of the Court each time the amount in

1  the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE

2  CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3     4.   The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

4  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

5  Sacramento, California 95814.

6     **IT IS FURTHER ORDERED** that:

7     5.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon

8  which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is

9  **GRANTED** forty-five (45) days leave from the date this Order is "Filed" in which to file a First

10 Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's First Amended

11 Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CAL. CIV.

12 L.R. 15.1. Defendants not named and all claims not re-alleged in the First Amended Complaint will be

13 deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

14    6.   The Clerk of the Court is directed to mail a form civil rights complaint to Plaintiff.

15

16 DATED: October //, 2011

17                                              HON. ROGER T. BENITEZ
                                               United States District Court Judge

18

19

20

21

22

23

24

25

26

27

28