FILED

JAN 1 3 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SANDAÑA,<br>CDCR #V-23539,<br><br>          Plaintiff,<br><br>vs.<br><br>L. SMALL, et al.,<br><br>          Defendants. | Case No.     11-cv-2050 BEN (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING EXTENSION OF TIME TO AMEND**<br><br>(ECF No. 6) |

**I.    PROCEDURAL HISTORY**

On September 2, 2011, Plaintiff Gilbert Saldaña, a prisoner currently incarcerated at the California State Prison in Calipatria, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint was accompanied by a Motion to Proceed *In Forma Pauperis* ("IFP") and a Motion for Appointment of Counsel.

On October 12, 2011, the Court granted Plaintiff leave to proceed IFP, but denied his Motion for Appointment of Counsel and dismissed his complaint sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*See* Oct. 12, 2011 Order (ECF No. 4) at 4-5.) Specifically, the Court found that to the extent his Complaint sought to challenge the validity of a prison disciplinary conviction and term of administrative segregation, Plaintiff failed to allege facts sufficient to invoke Due Process Clause protection. (*Id.* at 3 (citing *Sandin v. Conner*, 515

U.S. 472 (1995)).) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995) ("A due process claim is cognizable only if there is a recognized liberty or property interest at stake." (internal quotations and citation omitted)). In *Sandin*, the Supreme Court limited due process protections for prisoners even further by requiring they allege a change in the circumstances related to confinement which imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" *before* any due process protection will attach. 515 U.S. at 484.

Because Plaintiff's Complaint failed to cite any of the factors recognized by *Sandin* as potentially sufficient to invoke a liberty interest, *e.g.*, allegations explaining the disciplinary versus discretionary nature of segregation, allegations describing how the restrictions suffered amounted to a "major disruption in his environment" when compared to those shared by other prisoners in the general population, or other allegations showing how Plaintiff's sentence might be lengthened by a term in restricted custody, *id.* at 486-87, the Court found he failed to state a due process claim. (*See* Oct. 12, 2011 Order at 3-4.) Because it was not absolutely clear that Plaintiff could not amend to allege additional facts showing a "dramatic departure" from the basic conditions of his confinement sufficient to satisfy *Sandin*, he was granted forty-five days leave to amend, and provided an explanation as to how to correct the deficiencies in his pleading. (*Id.* at 4-5.)

On October 25, 2011, however, in lieu of an Amended Complaint, Plaintiff submitted a Motion for Reconsideration (ECF No. 25).[1]

///

///

///

---

[1] Plaintiff also sought to appeal this Court's October 12, 2011 Order to the Ninth Circuit (ECF No. 7). The Ninth Circuit rejected Plaintiff's appeal on December 7, 2011, however, because this Court's October 12, 2011 Order is not final or appealable. *See Saldana v. Small*, No. 11-56974 (9th Cir. Dec. 7, 2011 Order) (ECF No. 10). An appeal from an order that is neither final nor appealable does not divest this court of jurisdiction over Plaintiff's action or the order challenged by the appeal. *United States v. Garner*, 663 F.2d 834, 837 (9th Cir. 1981) ("If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air.") (citation omitted).

## II. MOTION FOR RECONSIDERATION

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, where a ruling has resulted in a final judgment or order, a request for reconsideration may be considered a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *School Dist. No. 1J Mulnomah Co. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Because the Court's October 12, 2011 Order was *not* a final judgment or order, however, the Court shall consider Plaintiff's Motion solely pursuant to Local Rule 7.1(i)(1), which provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. CAL. CIV. L.R. 7.1(i). Local Rule 7.1(i)(2), like Rule 59, permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." *Id.* Therefore, Plaintiff's October 25, 2011 Motion is timely. However, Plaintiff must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

### B. Discussion

In his Motion, the Plaintiff claims the Court erred in dismissing his Complaint for failing to state a claim, arguing that: (1) *"Sandin*['s] requirements are irrelevant" where there is "no evidence of guilt to support" his administrative detention, (Pl'.s Mot. at 1-2 (citing *Burnsworth v. Gunderson*, 179 F.3d 771, 774-75 (9th Cir. 1999))); (2) "there was no rule which prohibited the specific act [with which] Plaintiff was charged, convicted and punished," (*id.* at 2); and, (3) his disciplinary conviction was "based on a decision of a biased hearing officer who dishonestly suppressed evidence of [his] innocence." (*Id.*, (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).)

Reconsideration of a court's prior determination "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Paalan v. United States*, 58 Fed. Cl. 99, 105 (2003) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)); *see also United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) ("[M]otions to

reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented."). In sum, Plaintiff's arguments are merely legal disagreements with this Court's preliminary application of the law to the allegations in his Complaint; he does not seek reconsideration based on "new" or "different" facts or circumstances not previously in existence or presented to the Court when it dismissed his pleading. *See* S.D. CAL. CIV. L.R. 7.1(i)(1). For this reason alone, Plaintiff's Motion for Reconsideration may be denied.

However, because Plaintiff is proceeding pro se and may have misunderstood the legal basis of the Court's October 12, 2011 Order, it will again address his claims and grant him an additional extension of time in which to amend his pleading, if he can, given the governing law explained below. *See Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987) (leave to amend a pro se complaint should be granted unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment").

As noted above and explained in the Court's October 12, 2011 Order, Plaintiff claims his due process rights were violated in late 2009 when he was placed in administrative segregation ("Ad-Seg") and charged with "unauthorized communication with/by inmate via cellular telephone." (Compl. at 5.) Plaintiff was found guilty, but challenged the disciplinary conviction through the prison's administrative appeals process with some success. Specifically, at the Director's Level of Review, Plaintiff's conviction was reduced from a "Division E" to a "Division F" offense, and the originally-assessed 60 days of credit forfeiture was reduced to 30. By that time, however, Plaintiff had spent 56 days in Ad-Seg. (*Id.* at 5, 15-16, 20.) Plaintiff claims Defendants violated his right to due process during these proceedings by charging him with a "vague and inapplicable rule," "suppress[ing] . . . evidence of innocence," and "violat[ing] . . . [the] some evidence requirement." (*Id.* at 5-7; Mot. at 1-2.)

The Court dismissed Plaintiff's Complaint, however, because Plaintiff failed to allege facts related to his disciplinary sentence sufficient to show he was subject to the type of "atypical and significant deprivation" to which due process protections will attach. *Sandin*, 515 U.S. at 486. "It is well-established that '[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.'" *Burnsworth*, 179 F.3d at 774 (alteration in original) (quoting *Roth*, 408 U.S. at 569). As Plaintiff was

1  advised on October 12, 2011, "[u]nder *Sandin*, a prisoner possesses a liberty interest under the federal
2  constitution when a change occurs in confinement that imposes an 'atypical and significant hardship...
3  in relation to the ordinary incidents of prison life.'" *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000)
4  (alteration in original) (quoting *Sandin*, 515 U.S. at 484).

> The Court in *Sandin* relied on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) the length of the plaintiff's sentence was not affected.

*Id.* (quoting *Sandin*, 515 U.S. at 486-87). *Sandin* makes clear that the focus of the liberty interest inquiry is whether the challenged condition imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Thus, to properly amend his Complaint to invoke a protected liberty interest, Plaintiff must allege a factual comparison between conditions in general population and disciplinary segregation, and explain the hardship caused by the challenged action in relation to the basic conditions of his life as a prisoner. *See Resnick*, 213 F.3d at 448; *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). This, he has still failed to do.

In addition, Plaintiff's Complaint suffers from a separate deficiency not identified in the Court's October 12, 2011 Order. Specifically, because Plaintiff alleges to have ultimately been deprived of 30 days of behavior credit as a result of the disciplinary conviction he seeks to challenge in this case on grounds of "bias" and insufficient evidence, (Compl. at 18-21; Mot. at 2-3), and an award of damages would "necessarily imply the invalidity" of that disciplinary conviction, Plaintiff's claims may also be precluded by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997).

*Heck* and *Edwards* make clear that constitutional claims involving a prison's disciplinary or administrative decision to revoke good-time credits fail to state a claim under section 1983 since habeas corpus is the exclusive federal remedy whenever a claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Balisok*, 520 U.S. at 643-44; *Heck*, 512 U.S. at 486-87; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Balisok*, the alleged procedural violations involved, as Plaintiff's do, a hearing officer's

decision, alleged to have been motivated by "deceit and bias," to exclude exculpatory evidence in a disciplinary proceeding. *Balisok,* 520 U.S. at 646-47. The Supreme Court reasoned that a "criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him." *Id.* at 647. It therefore concluded that Balisok's § 1983 claim for declaratory relief and money damages necessarily implied the invalidity of his disciplinary conviction and rendered his claim incognizable under *Heck. Id.* at 648; *see also McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1097-98 (9th Cir. 2004). As currently alleged, Plaintiff's claims suffer the same fate.

Thus, in addition to amending his Complaint to satisfy *Sandin,* Plaintiff must also amend to allege facts sufficient to show that Defendants' decision to revoke 30 days of his behavioral credit has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. Unless and until he can do so, no cause of action for damages will accrue under the Civil Rights Act. *Id.*

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 6), and **GRANTS** Plaintiff until <u>March 2, 2012</u> to file an Amended Complaint which addresses each deficiency of pleading noted both in this Order as well as in the Court's October 12, 2011 Order.

Plaintiff's Amended Complaint must be complete in itself as it will supersede, or take the place of, his original complaint. *See* S.D. Cal. Civ. L.R. 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff does *not* properly amend by March 2, 2012, the Court shall enter a final Order of dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**IT IS SO ORDERED.**

DATED: January /3, 2012

HON. ROGER T. BENITEZ
United States District Court Judge