12 FEB -8 PM 2: 59

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SANDAÑA, CDCR #V-23539,<br><br>Plaintiff,<br><br>vs.<br><br>L. SMALL, et al.,<br><br>Defendants. | Case No.   11-CV-2050 BEN (NLS)<br><br>**ORDER DISMISSING ACTION FOR FAILING TO STATE A CLAIM** |

On September 2, 2011, Gilbert Saldaña ("Plaintiff"), a prisoner currently incarcerated at the California State Prison in Calipatria, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint was accompanied by a Motion to Proceed *In Forma Pauperis* ("IFP") and a Motion for Appointment of Counsel.

On October 12, 2011, the Court granted Plaintiff leave to proceed IFP, but denied his Motion for Appointment of Counsel and dismissed his complaint sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*See* Oct. 12, 2011 Order (ECF No. 4), at 4-5.) Specifically, the Court found that to the extent his Complaint sought to challenge the validity of a prison disciplinary conviction and term of administrative segregation, Plaintiff failed to allege facts sufficient to invoke Due Process Clause protection. (*Id.* at 3 (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). "The requirements of procedural due process apply only to the deprivation of interests

encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972); *see also Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995) ("A due process claim is cognizable only if there is a recognized liberty or property interest at stake." (internal quotations and citation omitted)). In *Sandin*, the Supreme Court limited due process protections for prisoners even further by requiring that they allege a change in the circumstances related to confinement which imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" *before* any due process protection will attach. 515 U.S. at 484.

Because Plaintiff's Complaint failed to cite any of the factors recognized by *Sandin* as potentially sufficient to invoke a liberty interest, *e.g.*, allegations explaining the disciplinary versus discretionary nature of segregation, allegations describing how the restrictions suffered amounted to a "major disruption in his environment" when compared to those shared by other prisoners in the general population, or other allegations showing how Plaintiff's sentence might be lengthened by a term in restricted custody, *id.* at 486-87, the Court found he failed to state a due process claim. (*See* Oct. 12, 2011 Order, at 3-4.) Because it was not absolutely clear that Plaintiff could not amend to allege additional facts showing a "dramatic departure" from the basic conditions of his confinement sufficient to satisfy *Sandin*, he was granted forty-five days leave to amend, and provided an explanation as to how to correct the deficiencies in his pleading. (*Id.* at 4-5.)

On October 25, 2011, however, in lieu of an Amended Complaint, Plaintiff submitted a Motion for Reconsideration (ECF No. 25).[1] The Court denied Plaintiff's Motion for Reconsideration and sua sponte provided him an extension of time to file an Amended Complaint in order to address the deficiencies of pleading identified in the Court's October 12, 2011 Order and the January 13, 2012 Order. (*See* Jan. 13, 2012 Order, at 6.) Plaintiff was further informed that if he failed to "properly amend by March 2, 2012," the Court would enter a final Order of dismissal for failure to state a claim

---

[1] Plaintiff also sought to appeal this Court's October 12, 2011 Order to the Ninth Circuit (ECF No. 7). The Ninth Circuit rejected Plaintiff's appeal on December 7, 2011, however, because this Court's October 12, 2011 Order is not final or appealable. *See Saldana v. Small*, No. 11-56974 (9th Cir. Dec. 7, 2011 Order) (ECF No. 10). An appeal from an order that is neither final not appealable does not divest this court of jurisdiction over Plaintiff's action or the order challenged by the appeal. *United States v. Garner*, 663 F.2d 834, 837 (9th Cir. 1981) ("If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air." (citation omitted)).

1  pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2  On January 27, 2012, Plaintiff filed a "Notice of Plaintiff's Intent to Stand on Complaint." (ECF No. 12.) In this Notice, Plaintiff indicates that he disagrees with the Court's October 12, 2011 Order and the January 13, 2012 Order. He further indicates that he is choosing not to amend his original Complaint which the Court has already found to be deficient. (*See* Pl.'s Notice, at 1.) Thus, the Court hereby **DISMISSES** this action in its entirety for all the reasons set forth in the Court's October 12, 2011 and January 13, 2012 Orders.

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: February __, 2012

HON. ROGER T. BENITEZ
United States District Court Judge